IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ELAYNE SHEPHERD,<br><br>                Plaintiff,<br><br>   v.<br><br>ICT GROUP, INC.,<br><br>               Defendant. | CIVIL ACTION NO.:  02-CV-4657<br><br>JURY TRIAL DEMANDED |

### DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant, ICT Group, Inc. ("ICT" or "Defendant"), through its undersigned counsel, answers the Complaint of Plaintiff Elayne Shepherd ("Shepherd" or "Plaintiff") as follows:

### PARTIES

1.    Defendant admits that Plaintiff is an African American female and an adult individual.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of paragraph 1, and therefore denies same.

2.    Defendant admits that Defendant is a corporation who regularly conducts business in this jurisdiction.  The remaining allegations of paragraph 2 are denied.

3.    The averments of paragraph 3 state conclusions of law to which no response is required.  To the extent that a response is required, said allegations are denied.

4.    The averments of paragraph 4 state conclusions of law to which no response is required.

### JURISDICTION AND VENUE

5.    The averments of paragraph 5 state conclusions of law to which no response is required.  To the extent that a response is required, said allegations are denied.

6. The averments of paragraph 6 state conclusions of law to which no response is required. To the extent that a response is required, said allegations are denied.

7. The averments of paragraph 7 state conclusions of law to which no response is required.

## PROCEDURAL HISTORY

8. The averments of paragraph 8 state conclusions of law to which no response is required. Further, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 8, and therefore denies same.

9. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 9, and therefore denies same.

10. The averments of paragraph 10 state conclusions of law to which no response is required. Further, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 10, and therefore denies same.

## FACTS COMMON TO ALL COUNTS

11. Admitted.

12. It is admitted that Plaintiff was hired by ICT with a starting salary of seven dollars and fifty cents ($7.50) per hour. The remaining allegations of Paragraph 12 are denied.

13. It is admitted that Plaintiff continued as a customer service representative on the Bell Atlantic account until she was promoted to the position of Team Leader, at which time she received a $0.50 raise. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of Paragraph 13, and therefore denies same.

14. Admitted.

15. It is admitted that in or around the middle of May, 2000, the Bell Atlantic program on which Plaintiff worked ended. It is further admitted that in or about May 2000, she applied for was accepted into ICT's new program for its client, Prudential Fox & Roach ("PF&R"). The remaining allegations of Paragraph 15 are denied.

16. It is denied that Ms. Nuccio's title was supervisor for the PF&R account. the remaining allegations of Paragraph 16 are admitted.

17. It is denied that Ms. Nuccio's and Ms. Dallas' titles were supervisor. The remaining allegations of Paragraph 17 are admitted.

18. Admitted.

19. It is admitted that Ms. Miller, Ms. Cutri and Ms. Rivera were hired at a starting salary of $14.00 per hour. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of Paragraph 19, and therefore denies same.

20. It is admitted that as of May 2000, Plaintiff worked for ICT for approximately twenty-eight months. The remaining allegations of Paragraph 20 are denied.

21. It is admitted that ICT selected Linda DiCamillo to be the Team Leader for the PF&R account and that Ms. DiCamillo and Plaintiff each had worked as a Team Leader on another ICT account before being transferred to the PF&R Account. The remaining allegations of Paragraph 21 are denied.

22. Admitted.

23. It is admitted that part of Plaintiff's job as a customer service representative for the PF&R account was to contact PF&R's customers who had recently purchased a new home to obtain their information so that ICT could take care of having utilities in their new homes activated. The remaining allegations of Paragraph 23 are denied.

24.     It is admitted that the training period lasted approximately two to three weeks, and that thereafter, Plaintiff, Ms. Cutri, Ms. Miller and Ms. Rivera began working on the PF&R account. The remaining allegations of Paragraph 24 are denied.

25.     It is admitted that in or about July 2000, PF&R provided a service to its customers which involved retaining and scheduling a moving company to move the PF&R customers into their homes and that ICT had responsibility for aiding in the provision of the services. The remaining allegations of Paragraph 25 are denied.

26.     It is admitted that e-SBiz took over responsibility for making contact with some of the utility companies. The remaining allegations of Paragraph 26 are denied.

27.     It is admitted that in or around August 2000, Plaintiff received a two dollar ($2.00) per hour raise and that her supervisor requested that Plaintiff not discuss how much money she was making. The remaining allegations of Paragraph 27 are denied.

28.     Denied.

29.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 29, and therefore denies same.

30.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 30, and therefore denies same.

31.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 31, and therefore denies same.

32.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 32, and therefore denies same.

33.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 33, and therefore denies same.

34. It is admitted that on or about August 29, 2000, Ms. Armstrong was informed that a customer called PF&R complaining about the slowness of the utility service provided by Plaintiff, and that Ms. Armstrong informed Plaintiff of the complaint. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of Paragraph 34, and therefore denies same.

35. Defendant is without knowledge or information sufficient to form a belief as to whether Plaintiff responded by advising Ms. Armstrong that she felt the write-up was unfair because it was e-SBiz who was responsible for the dilatory services. The remaining allegations of Paragraph 35 are denied.

36. It is admitted that Francis Cutri, Plaintiff's co-employee on the PF&R account was terminated. It is denied that Cutri was terminated in December 2000.

37. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 37, and therefore denies same.

38. It is admitted that Plaintiff spoke with Ms. Armstrong about other customer service representatives earning more than she did and that Ms. Armstrong replied that she would look into Plaintiff's question. It is specifically denied that Plaintiff ever complained that the individuals who allegedly earned more than she did were Caucasian or that she made any statement that she believed that she was being paid less because of her race. The remaining allegations of Paragraph 38 are denied.

39. It is specifically denied that Plaintiff ever complained that the individuals who allegedly earned more than she did were Caucasian or that she made any statement that she believed that she was being paid less because of her race. Defendant is without knowledge or

information sufficient to form a belief as to the truth of the remaining averments of Paragraph 39, and therefore denies same.

40. It is admitted that Ms. Armstrong informed Plaintiff that she would involve Mr. McCartney in the investigation of Plaintiff's allegation that she was paid less than other ICT employees. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of Paragraph 40, and therefore denies same.

41. It is admitted that ICT had not completed its investigation into Plaintiff's allegations with two days of Plaintiff's bringing the allegations to the attention of Ms. Armstrong.

42. It is admitted that Ms. Armstrong informed Plaintiff that Mr. McCartney was out of the office on the Friday following Plaintiff's initial complaint, which he was. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of Paragraph 42, and therefore denies same.

43. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 43, and therefore denies same.

44. It is admitted that on January 23, 2001, Plaintiff sent an email to Ms. Armstrong and Mr. McCartney expressing her concern about the difference in wages between the agents the VHS account and that the other agents made about $2.00 per hour more than she did. It is specifically denied that Plaintiff stated that she earned less than other Caucasian customer service representatives. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of Paragraph 44, and therefore denies same.

45. It is admitted that on January 23, 2001, George McCartney sent an email to Plaintiff thanking her for her note, explaining to her that he had been out of the office on the

previous Thursday and Friday, and that he would look into her question and get back to her as soon as possible. The remaining averments of Paragraph 45 are denied.

46. It is admitted that the next day, January 24, 2001, Mr. McCartney had a meeting with Plaintiff and Ms. Armstrong. It is denied that the day of the meeting was a Tuesday. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 46, and therefore denies same.

47. It is admitted that Mr. McCartney asked Plaintiff on what she based her statement that customer service representatives were hired at $14.00 hour and that Mr. McCartney informed Plaintiff that each customer service representative's salary was an individualized decision based upon factors such as skills and prior employment. It is denied that Mr. McCartney explained that each of the customer service representatives on ICT's PF&R account were making a different wage. It is further denied that Plaintiff further responded that this still did not explain why she and the other African American customer service representative, Turkeisha Baskerville, were both hired at a wage four dollars ($4.00) lower than the other Caucasian ICT customer service representatives working on the PF&R account. It is further denied that Plaintiff mentioned the race of any of the customer service representatives during her meeting with Mr. McCartney. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of Paragraph 47, and therefore denies same.

48. It is admitted that Mr. McCartney informed Plaintiff that everyone's salary reflected their skills and prior employment. It is denied that what Mr. McCartney said was untrue. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of Paragraph 48, and therefore denies same.

49. It is admitted that Mr. McCartney discussed with Plaintiff her salary history at ICT. It is denied that Plaintiff mentioned race or the race of any of the customer service representatives during her meeting with Mr. McCartney. It is further denied that Plaintiff said that she felt as though she should have started at the same wage as the other Caucasians who were hired to work on the PF&R account. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of Paragraph 49, and therefore denies same.

50. It is admitted that Mr. McCartney told Plaintiff that is she was not satisfied with his explanation of the wage differential, Plaintiff should feel free to speak with ICT's Human Resources Department. The remaining allegations of Paragraph 50 are denied.

51. Defendant specifically denies that Mr. McCartney said anything that would have lead Plaintiff to believe that speaking to Human Resources about the wage differential would have been futile. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 51, and therefore denies same.

52. It is denied that the allegations of Paragraph 52 occurred a couple of days after Plaintiff's conversation with Ms. Armstrong and Mr. McCartney. It is admitted that the allegations of Paragraph 52 occurred towards the end of February 2001. The remaining allegations of Paragraph 52 are admitted.

53. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 53, and therefore denies same.

54. It is denied that the customer was pleased with the resolution. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of Paragraph 54, and therefore denies same.

55. It is admitted that Ms. Armstrong called Plaintiff into Ms. Armstrong's office, informed Plaintiff that she was being suspended because of the PECO issue with the customer, that Plaintiff was immediately suspended, and that Ms. Armstrong informed Plaintiff that ICT was going to investigate the matter and would contact her. Defendant is without knowledge or information sufficient to form a belief as to what time Ms. Armstrong called Plaintiff into her office. The remaining allegations of Paragraph 55 are denied.

56. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 56, and therefore denies same.

57. It is admitted that following Plaintiff's suspension, Ms. Armstrong maintained contact with Plaintiff and kept her informed of ICT's investigation. The remaining allegations of Paragraph 57 are denied.

58. It is denied that Plaintiff left three voicemails for Ms. Armstrong and sent two e-mails to Ms. Armstrong and Ms. Armstrong did not respond to any of them. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of Paragraph 58 and therefore denies same.

59. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments of Paragraph 59, and therefore denies same.

60. It is admitted that McCartney called Plaintiff and informed her she was being terminated, that Plaintiff asked the reason for her termination and Mr. McCartney explained that she was being terminated as a result of the PECO incident with the PF&R customer. The remaining allegations of Paragraph 60 are denied.

61. Denied.

62. Denied.

## COUNT 1

## <u>VIOLATION OF TITLE VII</u>

63. Defendant hereby incorporates by reference its answers to paragraphs 1 through 62.

64. Denied.

65. Denied.

66. It is admitted that in May 2000, Plaintiff began working on Defendant's PF&R account, making a wage of $10.00 per hour. The remaining allegations of Paragraph 66 are denied.

67. Defendant is without knowledge or information sufficient to form a belief as to whether Ms. Miller, Ms. Cutri and Ms. Rivera all had the exact same duties on the PF&R account as did Plaintiff, and Defendant therefore denies same. The remaining allegations of Paragraph 67 are admitted.

68. It is admitted that as of May 2000, Plaintiff worked for ICT for approximately twenty-eight months. The remaining allegations of Paragraph 68 are denied.

69. It is admitted that ICT selected Linda DiCamillo to be the Team Leader for the PF&R account and that Ms. DiCamillo and Plaintiff each had worked as a Team Leader on another ICT account before being transferred to the PF&R Account. The remaining allegations of Paragraph 69 are denied.

70. It is admitted that in or about July 2000, PF&R provided a service to its customers which involved retaining and scheduling a moving company to move the PF&R customers into their homes and that ICT had responsibility for aiding in the provision of the services. The remaining allegations of Paragraph 70 are denied.

71. Denied.

72. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 72, and therefore denies same.

73. Denied.

74. It is admitted that on February 23, 2001, Plaintiff was suspended and was subsequently terminated. The remaining allegations of Paragraph 74 are denied.

75. Denied.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

80. Denied.

81. Denied.

82. Denied.

83. Denied.

84. Denied.

## COUNT II

## VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT

85. Defendant hereby incorporates by reference its answers to paragraphs 1 through 84.

86. Denied.

87. Denied.

88. Denied.

89. Denied.

90. (improperly numbered 91)  Denied.

91. (improperly numbered 92)  Denied.

92. (improperly numbered 90)  Denied.

**FIRST AFFIRMATIVE DEFENSE**

The Complaint fails to state a claim against ICT upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

The Court lacks subject matter jurisdiction over some or all of Plaintiff's claims under the Pennsylvania Human Relations Act ("PHRA") because Plaintiff failed to comply with some or all of the prerequisites to the maintenance of a civil action under the PHRA.

**THIRD AFFIRMATIVE DEFENSE**

To the extent any claims under Title VII did not occur within 300 days before the filing with the EEOC of the charge of discrimination that provides the jurisdictional predicate of that claim, that claim is barred.

**FOURTH AFFIRMATIVE DEFENSE**

Any claim under the PHRA that did not occur within 180 days before the filing with the Pennsylvania Human Relations Commission ("PHRC") of the Complaint of discrimination that provides the jurisdictional predicate for that claim is barred.

**FIFTH AFFIRMATIVE DEFENSE**

Some or all of Plaintiff's claims are barred by the applicable statutes of limitations.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff failed to make reasonable efforts to mitigate her alleged damages, if any, and to the extent that she has had any earnings subsequent to the cessation of her employment, ICT is entitled to a setoff.

**SEVENTH AFFIRMATIVE DEFENSE**

The scope of the Complaint exceeds the scope of the Complaint of discrimination filed by Plaintiff with the PHRC and the Equal Employment Opportunity Commission ("EEOC"), and the investigation of the agencies reasonably related to the Complaint. This Court is accordingly without subject matter jurisdiction over such parts of Plaintiff's Complaint as are not reasonably related to her statutory charge of discrimination.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff has waived, should be estopped and is barred by laches from asserting some or all of the claims asserted in her Complaint.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff is not entitled to punitive damages.

**TENTH AFFIRMATIVE DEFENSE**

Through her own statements, actions and deeds, Plaintiff consented to, encouraged, provoked, precipitated and/or caused some or all of the behavior about which she now complains.

**ELEVENTH AFFIRMATIVE DEFENSE**

ICT undertook the employment actions complained of for legitimate business reasons.

**TWELFTH AFFIRMATIVE DEFENSE**

The alleged conduct was not the proximate cause of Plaintiff's damages.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claim for compensatory and punitive damages is subject to statutory limitations set forth in the Civil Rights Act, and Plaintiff is not entitled to punitive damages and damages for emotional distress under state law.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Plaintiff did not engage in a protected activity, a prerequisite for her retaliation claim.

**FIFTEENTH AFFIRMATIVE DEFENSE**

To the extent Plaintiff did engage in a protected activity, her engaging in a protected activity was not the cause for ICT taking any adverse employment action against her.

WHEREFORE, Defendant ICT Group, Inc. respectfully prays as follows:

(a)     that judgment be entered against Plaintiff and in favor of ICT, and the Complaint be dismissed with prejudice;

(b)     that judgment in this action be entered against Plaintiff and in favor of Defendant ICT for all costs of this action; and

(c)     that Defendant ICT be awarded reasonable attorney's fees and such other and further relief as this Court may deem just and proper.

 

_____
Jonathan D. Wetchler, Esquire
Michael S. Cohen , Esquire
Wolf, Block, Schorr and Solis-Cohen LLP
1650 Arch Street
22nd Floor
Philadelphia, PA  19103
(215) 977-2000

Attorney for Defendant,
*ICT Group, Inc.*

Dated:  August 19, 2002

## **CERTIFICATE OF SERVICE**

I, Michael S. Cohen, hereby certify that on August 19, 2002, I caused a true and correct copy of the foregoing **Defendant's Answer and Affirmative Defenses** to be served via first class mail, postage pre-paid to the following:

> Alan L. Frank, Esquire
> Frank & Rosen, Attorneys at Law
> Eleven Penn Center
> 1835 Market Street
> Suite 320
> Philadelphia, PA 19103

_____
Michael S. Cohen

DSB:863150.1/ICT001-070259